UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME IGNACIO ESTRADA, ET. AL.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JEFFERY MCOMBER (SEC. OF CORR.), *et al*.,<br><br>　　　　　Defendants. | Case No. 1:25-cv-00547-HBK<br><br>ORDER TO REFER TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION[1]<br><br>(Doc. No. 7)<br><br>14-DAY OBJECTION PERIOD |

　　　　Plaintiff Jaime Estrada initiated this action by filing a pro se civil rights complaint under 42 U.S.C. § 1983 on May 8, 2025 (Doc. No. 1). On June 13, 2025, the undersigned screened the complaint pursuant to 28 U.S.C. § 1915A and found it failed to state a claim and permitted Plaintiff to file an amended complaint. (*See* Doc. No. 9). Pending is Plaintiff's motion for preliminary injunction (Doc. No. 7, "Motion"), filed on May 13, 2025 jointly with seven other incarcerated individuals at Corcoran State Prison ("COR") and at other California Department of Corrections and Rehabilitation ("CDCR") facilities. For the reasons stated below, the undersigned recommends Plaintiff's Motion be denied.

---

[1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

# BACKGROUND

By his Motion, Plaintiff seeks preliminary injunctive relief under Federal Rule of Civil Procedure 65(a) on behalf of himself and seven other inmates, asserting that CDCR and its affiliates violated constitutional and statutory rights by (1) relying on allegedly faulty drug test results in parole determinations and (2) accessing and disseminating protected medical records without consent. The Motion alleges these practices arose after Quest Diagnostics altered its reagent formulas in July 2024, causing a marked increase in positive test results statewide.

Plaintiff avers the tests were used to justify parole denials, discriminatory treatment, and publication of confidential medical data during hearings. The Motion requests court intervention, including cessation of the testing program's use in parole reviews, protective orders regarding medical records, and adherence to evidentiary procedures.

# APPLICABLE LAW

Federal Rule of Civil Procedure 65 governs preliminary injunctions and limits their issuance to where "notice to the adverse party" has been given. Fed. R. Civ. P. 65(a). Local Rule 231(d) also mandates notice and requires that all preliminary injunction motions include (1) briefing on all legal issues implicated by the motion, (2) affidavits supporting the motion, including affidavits addressing irreparable harm, and (3) a proposed order which includes a provision for a bond. A preliminary injunction is "an extraordinary remedy" and may be issued only if plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiff bears the burden of clearly satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). A preliminary injunction will not issue if plaintiff merely shows irreparable harm is possible – a showing of likelihood is required. *Id.* at 1131.

The Prison Litigation Reform Act ("PLRA") imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to

1  correct the harm the court finds requires preliminary relief, and be the least intrusive means
2  necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *Villery v. California Dep't of Corr.*,
3  2016 WL 70326, at *3 (E.D. Cal. Jan. 6, 2016). As the Ninth Circuit has observed, the PLRA
4  places significant limits upon a court's power to grant preliminary injunctive relief to inmates,
5  and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the
6  bargaining power of prison administrators—no longer may courts grant or approve relief that
7  binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of*
8  *the State of California*, 220 F.3d 987, 998-99 (9th Cir. 2000). The court's jurisdiction is "limited
9  to the parties in this action" and the pendency of an action "does not give the Court jurisdiction
10 over prison officials in general or over the conditions of an inmate's confinement unrelated to the
11 claims before it." *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020).
12      Finally, state governments have "traditionally been granted the widest latitude in the
13 dispatch of [their] own internal affairs." *Rizzo v. Goode*, 423, U.S. 362, 378 (1976) (citations
14 omitted). This deference applies even more strongly when the court is asked to involve itself in
15 the administrative decisions of a prison. *See Turner v. Safely*, 482 U.S. 78, 85 (1987); *Sandin v.*
16 *Conner*, 515 U.S. 472, 482-83 (1995).

**DISCUSSION AND ANALYSIS**

18      At the outset, Plaintiff may not seek relief on behalf of other inmates as a pro se litigant.
19 *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney may not attempt
20 to pursue claim on behalf of others in a representative capacity). Nonetheless, the undersigned
21 finds Plaintiff still fails to satisfy his burden to justify issuance of a preliminary injunction. As a
22 threshold matter, Plaintiff has not complied with Local Rule 231(d). There is no showing of
23 actual or attempted notice and a provision for bond is not included in his proposed orders.
24 Further, the Court lacks jurisdiction over Defendants because no Defendant has been served. *See*
25 *Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal
26 court may issue an injunction if it has personal jurisdiction over the parties and subject matter
27 jurisdiction over the claim; it may not attempt to determine the rights of persons not before the
28 court."). To dictate defendants' actions when they were not given the opportunity to respond to

3

1   Plaintiff's preliminary injunction motion would violate the Ninth Circuit's holding in *Zepeda*.

2   Additionally, Plaintiff fails to meet the requisite standards for issuance of injunctive relief
3   under Rule 65(a). Plaintiff has not demonstrated a likelihood of success on the merits. As set
4   forth in the Court's prior screening order (Doc. No. 9), Plaintiff's allegations do not establish a
5   cognizable federal claim. Notably, Plaintiff's parole hearing occurred in November 2023,
6   whereas the alleged reagent defect involving Quest Diagnostics commenced in July 2024. (*See*
7   Doc. No. 9 at 8). This temporal disconnect defeats any plausible inference that his test results
8   were impacted by the alleged flaw. Moreover, due process in the parole context is satisfied where
9   the inmate receives notice and an opportunity to be heard, both of which Plaintiff concedes
10  occurred.

11  The Court also finds that Plaintiff has failed to show a likelihood of irreparable harm.
12  While he generally alleges ongoing injury resulting from the use of the drug test program and
13  publication of medical records, he offers no specific or contemporaneous facts indicating
14  imminent future harm. Injunctive relief cannot be predicated on speculative or hypothetical
15  injury. *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988)
16  ("Speculative injury does not constitute irreparable injury…"). Rather, the movant must
17  demonstrate that the threatened harm is real and immediate.

18  Finally, the relief requested is overly broad and not narrowly tailored. Plaintiff seeks to
19  enjoin multiple state entities and officials from relying on drug testing results and from disclosing
20  medical information during parole proceedings statewide. The proposed injunction would reach
21  far beyond the scope of Plaintiff's individual case and intrude upon core administrative and
22  evidentiary functions without a sufficient factual foundation. The PLRA requires that all
23  injunctive relief in prisoner litigation be narrowly drawn and constitute the least intrusive means
24  necessary to remedy the alleged harm. Plaintiff's Motion fails to satisfy these requirements.

25  For these reasons, the undersigned finds that Plaintiff has failed to meet the standard for
26  preliminary injunctive relief and recommends that the Motion be denied.

27  Accordingly, it is **ORDERED**:

28  The Clerk of Court randomly assign this case to a district judge for purposes of these

Findings and Recommendation.

It is further **RECOMMENDED**:

Plaintiff's motion for preliminary injunction (Doc. No. 7) be DENIED.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:    July 30, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE